(92 App. Div. 436.)

### NEW JERSEY STEEL & IRON CO. v. ROBINSON et al.

(Supreme Court, Appellate Division, First Department.   March 18, 1904.)

1. MECHANICS' LIENS—AMOUNTS DUE—COMPLETION OF WORK BY OWNER—DEDUCTION FROM CONTRACT PRICE.

A contractor agreed to erect a building for the actual cost of labor and materials, and 5 per cent. in addition, not to exceed a certain sum. Payments were to be made from time to time equal to 90 per cent. of the value of labor and materials furnished, and 2½ per cent. on account of commission, and the balance after the work was completed. The contractor failed to complete the work, and the owner finished it himself. *Held*, that mechanics' liens could attach only to the 90 per cent. and 2½ per cent. till the work was completed, and then only to the additional amount found due after deducting from the original contract price the expense of completing the work.

Appeal from Judgment on Report of Referee.

Action by the New Jersey Steel & Iron Company against Andrew J. Robinson and another. From a judgment in favor of plaintiff, defendant Francis S. Kinney appeals. Modified.

See 68 N. Y. Supp. 577; 69 N. Y. Supp. 728; 77 N. Y. Supp. 547; 83 N. Y. Supp. 450.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

W. H. Van Benschoten, for appellant.

H. B. Closson, for respondent New Jersey Steel & Iron Co.

Richard M. Martin, H. D. Baldwin, Edward J. Patterson, and Frederick H. Man, for respondents Andrew J. Robinson and others.

VAN BRUNT, P. J.   This action was brought to foreclose a mechanic's lien upon property owned by the defendant Francis S. Kinney. On or about the 5th of June, 1899, the defendant Kinney made a contract with the defendant Robinson, whereby Robinson was to erect certain buildings upon property of said Kinney situate at the northwest corner of Madison avenue and Fifty-Sixth street. The plaintiff and certain of the other defendants, having supplied material and performed work upon these buildings, filed liens against the property. Robinson failed to comply with his contract, and made an assignment

for the benefit of creditors, and under the terms of said contract the defendant Kinney completed the buildings himself. At the time of the assignment by Robinson the sum of $70,761.90 had been earned under the contract, but was not payable by its terms; and when the work was completed by Kinney, some 13 months after Robinson's failure, this unpaid remainder of the contract price exceeded the expense incurred by Kinney in finishing the work by the sum of $58,398.76; and the question presented upon this appeal is whether the liens filed attached to the $70,761.90 which had been earned under the contract at the date of Robinson's assignment, or only to the $58,398.76 which remained due after the completion of the work.

By reference to the contract, it will be seen that but a small part of the $70,761.90 earned under the contract was payable at the time of the assignment by Robinson. The terms of the contract were that the sum to be paid by the owner to the contractor "for said work and materials shall be the actual cost of labor and materials, meaning the actual amount (without addition or discounts of commissions) necessarily paid by the contractor, and in addition thereto five percentum (5%) upon such cost. But the contractor agrees as part of this contract that the total amount to be paid to him for cost of the entire work, including the 5% paid him for his services, shall not exceed the sum of three hundred and seventeen thousand three hundred and ten dollars ($317,-310), * * * and that such sum shall be paid in current funds by the owner to the contractor in installments, as follows: From time to time during the progress of the work, in amounts equal to ninety per cent. of the value of materials furnished and labor performed, as may be certified by the architects, and in addition to this amount not to exceed two and a half per cent. on the cost of said labor and materials furnished as payment on account of contractor's commission for his services. The final payment to include the balance due the contractor for all labor and materials furnished and for his commission for services, but in no case is this total amount to exceed the guarantee limiting cost of the entire work—namely, three hundred and seventeen thousand three hundred and ten dollars ($317,310). The final payment shall be made within thirty days after this contract is fulfilled."

The referee has found that the defendant Robinson performed all the conditions of said contract until the 7th of March, 1900, when he failed in business, and thereafter ceased to do any work on the buildings, and that Kinney, as provided in the contract, entered upon the premises and took possession of the same and completed the work. He also found that on the 7th of March, 1900, the price and value of the materials theretofore furnished and the labor theretofore performed by the defendant Robinson upon the property was $134,438.79, and his agreed commission of 5 per cent. thereon was $6,721.94, making a total of $141,160.73. He also found that the total amount of the payments theretofore made by Kinney to and for account of Robinson was $70,398.83, leaving $70,761.90 earned upon the contract.

It is to be observed that by the terms of the contract but 90 per cent. of the labor performed and materials furnished was to be paid to Robinson from time to time as the work progressed, and 2½ per cent. of his commission upon the same. Therefore, under the contract, at the

time of the filing of these liens there was due from the owner to Robinson only the sum of $53,967.85, which sum is arrived at as follows: Value of materials and labor, $134,438.79; 90 per cent. of this is $121,004.91; add 2½ per cent. on account of commissions, $3,360.97; making the whole amount due and payable, $124,365.88; from which deduct payments, $70,398.83; leaving $53,967.85, payable under the contract; and no more money would become due to him under the contract before its final completion, Kinney having the right to fulfill the contract and charge Robinson with the expense thereof.

Under these circumstances, the liens could only attach to this sum of $53,967.85, and whatever might become due over this sum in the completion of the contract. The amount which remained unpaid upon the contract, in excess of the 90 per cent. and 2½ per cent. payable thereunder as the work progressed, was a security to the owner against any failure on the part of the contractor to complete his contract, and the owner could not be deprived of that security which he had provided for in his contract by the mere fact of the contractor failing to complete his contract, and his creditors filing liens against the property. The result of the contrary view would be to deprive the owner of the security which he intended to and did take against the failure of the contractor to complete his contract, by providing that but a portion of the amount earned under the contract should become due until its completion. The owner had a right to take security for the performance of the contract, and he cannot be deprived of such security. It would seem, therefore, that the only fund to which the liens could apply would be this sum and such additional sums as became due and payable under the contract.

It is admitted that all of the money remaining unpaid under the contract above said sum of $53,967.85 was used in the completion of the contract, except $4,430.91, leaving due and payable under the whole contract $58,398.76. We think, therefore, that the judgment should be modified by limiting the liens to the fund of $58,398.76 remaining due upon the contract after completion. It would seem, in view of the fact that the figures which have been referred to are conceded by both sides, that there is no necessity for a new trial. A judgment may therefore be framed in accordance with this opinion. No costs of appeal to either party. All concur; LAUGHLIN, J., in result.